UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  02-cv-2062-WYD-PAC

LAURIE PATRIQUIN,

    Plaintiff,

v.

JO ANNE BARNHART, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) filed November 22, 2006.  Plaintiff's counsel requests that the Court award $20,402 as a reasonable § 406 fee, after which counsel will refund to Plaintiff the amount of $4,469.50 which was previously awarded pursuant to the Equal Access to Justice Act ["EAJA"].

42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . "  In this case, Plaintiff was awarded past-due disability benefits in the amount of $97,611.00.  The amount sought by Plaintiff is less than 25% of that amount.  Further, with counsel's refund of $4,469.50 to Plaintiff from the past award of fees under the

EAJA, this will reduce the net § 406(b) fee to 16% of the past due benefits. I find for the reasons set forth below that this fee is reasonable.

I first note that while the motion for fees stated it was "unopposed", I was unable to determine from the Rule 7.1A certification what the Commissioner's position was with respect to the reasonableness of fees. Thus, I ordered the Commissioner to respond to the motion by Minute Order filed November 27, 2006. The Commissioner's response is not helpful to the Court. While it indicates that the Court must award a "reasonable" fee under § 406(b), it does not state whether the Commissioner believes the fees sought be Plaintiff are reasonable or unreasonable. I am thus left to speculate as to what the Commissioner intended by its response.

Having reviewed Plaintiff's motions and the attachments thereto which document the fees, I find that the amount of fees sought is reasonable for substantially the reasons set forth in Plaintiff's motion. I first note that Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002). Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. Where there is an award of fees under both § 406(b) and the EAJA, as here, a plaintiff's attorney must refund to the claimant the amount of the smaller fee. *Id*. at 796. Any EAJA award thus reduces the amount that a plaintiff will pay out of her award. *Id*.

In the case at hand, Plaintiff contracted with her counsel to pay 25% of past-due benefits obtained as a result of her attorney's successful efforts. (Ex. A to Pl.'s Mot.) The requested fee of $20,402 is reasonable because it reflects the contingent nature of the recovery. Further, out of this amount almost $5,000 will be refunded to Plaintiff, resulting in a net fee paid by the Plaintiff of $15,932.50. I also find the fee reasonable because Plaintiff's case had already been denied at three levels of agency review prior to the initiation of the civil action, counsel expended a substantial amount of time in this case that included significant briefing and participation in hearings, and the results obtained were very favorable to Plaintiff—she received $97,611 in wrongfully denied past-due benefits and is entitled to ongoing monthly benefits. Finally, the benefits obtained and the fee requested are not "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Accordingly, I find that the fees sought are reasonable and that no downward departure is appropriate. Plaintiff's motion for attorney fees is thus granted.

In conclusion, it is

ORDERED that Plaintiff's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) filed November 22, 2006 is **GRANTED**. In accordance therewith, it is

ORDERED that attorney fees are awarded in the amount of **$20,402.00**. It is

FURTHER ORDERED that Plaintiff's counsel shall refund to Plaintiff the previously awarded fee pursuant to the EAJA in the amount of $4,469.50.

Dated: December 14, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge